RAYE, P. J., Concurring.
I concur fully in the judgment and in the holding that plaintiff’s claim in its first cause of action was never intended to nor did it state a claim for copyright infringement. I write separately only to note that the interest sought to be vindicated was not the creative efforts of the architect, whose copyright would be unaffected by the litigation, but plaintiff’s ownership interest in the plans. Had the plans not been copyrighted, plaintiff could still state a claim for conversion. The fact that they are does not transform a prosaic state law conversion action into a federal case for copyright infringement. Regrettably, plaintiff’s effort to bring clarity to the issue by analogizing to copyrighted images on a coffee cup may indeed have “prove[d] too much” as suggested by the trial judge. Notwithstanding the imperfect analogy, the essence of plaintiff’s cause of action is clear and federal preemption has no application here.
A petition for a rehearing was denied September 4, 2013, and the petitions of both respondents and appellant for review by the Supreme Court were denied November 13, 2013, S213355.